# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1268

_____

| | | |
|---|---|---|
| Kathy J. Freeman, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| Dr. Jon Green; South Dakota State | * | |
| Board of Regents, | * | **[UNPUBLISHED]** |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: October 11, 2002

Filed: November 19, 2002

_____

Before LOKEN, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In 1995, Dr. Jon Green was hired as Superintendent of the South Dakota School for the Deaf, where Kathy J. Freeman worked as a houseparent supervisor. Dr. Green gradually instituted changes that were consistent with the recommendations of an outside consultant but that alienated long-standing members of the staff. In 1995 and 1996, Freeman complained to the School's equal employment officer that Dr. Green had harassed and mistreated female staff, including Freeman. In February 1997, after Dr. Green had written a memorandum to the Board of Regents proposing a complete restructuring of the residence hall, Freeman submitted a written complaint

accusing Dr. Green of sexual harassment and retaliation, which the School investigated. In early 1998, the School put Freeman on a work improvement program to address continued problems at the residence hall. In June 1998, Dr. Green's proposed restructuring was implemented, and six residence hall staff members were terminated, including Freeman, whose position was eliminated. Freeman then commenced this action against Dr. Green and the South Dakota State Board of Regents, asserting Title VII claims for sexual harassment and unlawful retaliation and an equal protection claim under 42 U.S.C. § 1983. After a lengthy trial, the jury returned a verdict for defendants. Freeman now appeals, arguing that the district court[1] erred in denying her motion for a new trial because the verdict was against the clear weight of the evidence and a miscarriage of justice.

Our standard of review of this issue is exceedingly deferential to both the jury verdict and the district court's superior vantage point for weighing the trial evidence. As retired Associate Justice Byron White wrote for our court in Pulla v. Amoco Oil Co., 72 F.3d 648, 656 (8th Cir. 1995) (citations omitted):

> We have made clear that district courts enjoy broad discretion in choosing whether to grant a new trial, and thus, we accord great deference to their Rule 59 rulings. While we may reverse a district court's denial of a Rule 59 motion where its judgment rests on an erroneous legal standard, where the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, and where the district court balances and weighs the evidence based on the proper legal standards, the court's denial of a Rule 59 motion is virtually unassailable. In such cases, we reverse for a clear abuse of discretion only where there is an "absolute absence of evidence" to support the jury's verdict.

---

[1]The HONORABLE LAWRENCE L. PIERSOL, Chief Judge of the United States District Court for the District of South Dakota.

After careful review of the record, we conclude that Freeman's appeal falls far short of establishing a clear abuse of discretion under this standard.  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.